IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2155-FL

| | |
|---|---|
| STEVEN MITCHELL DIVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BUTCH JACKSON, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Butch Jackson ("respondent") (DE # 5), to which petitioner responded. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On March 31, 2006, in the Wake County Superior Court, petitioner pleaded guilty to one count of statutory sex offense and three counts of indecent liberties with a child. Pet. 1. Petitioner was sentenced to a term of one hundred forty-four (144) to one hundred eighty-two (182) months imprisonment, along with three consecutive terms of sixteen (16) to twenty (20) months imprisonment. Id. Attach, p. 1. The sentencing court judge suspended the sixteen (16) to twenty (20) month terms of imprisonment and imposed a term of sixty (60) months supervised probation. Id.

On August 9, 2010, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the

Wake County Superior Court, which was denied on May 24, 2011. Id. On June 27, 2011, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. Id. p. 3. On July 15, 2011, the court of appeals denied petitioner's certiorari petition. Id.

On August 8, 2011, respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the following ineffective assistance of counsel claims: (1) that his guilty plea was not made knowingly and voluntarily; (2) that he was sentenced under a scheme that violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and (3) that his equal protection rights were violated by a discriminatory government action. Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. The matter was fully briefed.

## DISCUSSION

A. Motion to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid

2

of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

    2. Analysis

        a. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. Petitioner pleaded guilty and judgment was entered on March 31, 2006. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on April 14, 2006. As a result, petitioner's one-year statutory period began to run on April 14, 2006, and ran for three hundred sixty-

3

five (365) days until it expired on April 14, 2007. Petitioner did not file his MAR until August 9, 2010, after the expiration of the statutory period. Petitioner's August 9, 2010, MAR did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, slip op., 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

      b.     Defenses

As a defense to the running of the statute of limitations pursuant to § 2244(d)(1)(A), petitioner contends that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D). The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)). In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005). Finally, "the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim,

4

pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (citing Lott v. Coyle, 261 F.3d 594, 605-06 (6th Cir. 2001)).

In this case, petitioner asserts that he did not discover the factual predicate of his ineffective assistance of counsel claim regarding the voluntariness of his guilty plea until June 10, 2010,[1] when another inmate informed him of the United States Supreme Court's decision in Staples v. United States, 511 U.S. 600 (1994). Petitioner argues that the discovery of the Court's decision in Staples was essential to his claim because it supported his assertion that his counsel erroneously informed him, prior to pleading guilty, that N.C. Gen. Stat. § 14-27.7A is a strict liability offense and that mistake of age is not a defense.

In response, respondent contends that petitioner could have discovered the factual predicate for his claim well before June 10, 2010, because the Court's ruling in Staples was available through public sources. Green, 515 F.3d at 305; Wade, 327 F.3d at 333 (finding that the limitations period begins to run when a petitioner could have discovered the factual predicate of his claim through public sources). The court agrees. Further, the relevant inquiry under these circumstances focuses upon "when the prisoner knows (or though the diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Here, petitioner statutory tolling claim focuses on the discovery of the legal significance of his mistake of age defense, and not on the discovery of any facts. Therefore, § 2244(d)(1)(A) and not § 2244(d)(1)(D) provides the starting date for the period of limitation, and the action is time-

---

[1] Petitioner also makes conclusory allegations that he lacked access to telephones or legal resources to support his belated commencement argument. However, these conclusory allegations are insufficient to support habeas relief. See United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (concluding that speculative allegations in a habeas petition do not warrant granting the petitioner an evidentiary hearing to further pursue his claim); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds by, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

barred.

Petitioner alternatively contends that he is entitled to equitable tolling. Although the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling because he did not have access to a law library, because he did not have legal experience, and because he sought the assistance of North Carolina Prisoner Legal Services ("NCPLS"). These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling); Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (rejecting equitable tolling claim based on petitioner's assertion that he

6

missed one-year deadline while waiting for NCPLS). Based upon the foregoing, petitioner is not entitled to equitable tolling.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529

U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 5) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 4th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

8